French, J.,
dissenting.
{¶ 20} In my view, this court can, and should, avoid declaring R.C. 2905.05(A) unconstitutionally overbroad by construing the term “solicit” narrowly. Reading the statute narrowly, I conclude that it is constitutional. Therefore, I dissent.
{¶ 21} Under its broadest reading, R.C. 2905.05(A) applies to certain persons who “knowingly” seek the unauthorized “aceompan[iment]” of another’s young child (age 13 or younger) by conduct or words that “solicit, coax, entice, or lure.” To be guilty of criminal child enticement, the actor must lack legal “privilege,” R.C. 2905.05(A), meaning “an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity,” R.C. 2901.01(A)(12). The actor must also act without the “express or implied permission” of a parent, guardian or other legal custodian, R.C. 2905.05(A)(1), and must not fall within any of five express categories of actors excluded from liability if they are acting within the scope of their duties: (1) law-enforcement officers, (2) medics, (3) firefighters, (4) emergency-service providers, or (5) any employee, agent, or volunteer of any board of education. Finally, even if the actor falls outside all of the foregoing categories, the actor has an affirmative defense if he or she acted “in response to a bona fide emergency situation” or “in a reasonable belief that it was necessary to preserve the health, safety, or welfare of the child.” R.C. 2905.05(D).
{¶ 22} To strike down R.C. 2905.05(A) as facially overbroad in violation of the First Amendment, the majority had to find that the statute punishes “a ‘substantial’ amount of protected free speech, ‘judged in relation to the statute’s plainly legitimate sweep.’ ” Virginia v. Hicks, 539 U.S. 113, 118-119, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003), quoting Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). In other words, the act of attempting to obtain the unauthorized accompaniment of another’s young child must fall under a “recognized First Amendment protection[ ].” Members of Los Angeles City Council v. Taxpayers for Vincent, 466 U.S. 789, 801, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984).
{¶ 23} The majority is silent as to why the speech subject to R.C. 2905.05(A) qualifies as protected expression, much less how the statute punishes a substantial amount of protected expression. But even if I were to accept the majority’s premise that there is a First Amendment right to attempt to obtain the unauthorized accompaniment of another’s young child for “innocent” purposes, this court can avoid a finding of overbreadth by applying a narrower interpretation of “solicit.” The majority reads “solicit” out of context and uses the broadest *398 definition it can find — “merely asking” — which it borrows from an appellate decision. By its use of a sweeping, out-of-context definition, the majority ignores the principle that courts should refrain from striking down a statute on First Amendment grounds whenever “a limiting construction has been or could be placed on the challenged statute.” Broadrick at 613. When reading the word “solicit” with its neighboring operative verbs — “coax, entice, or lure” — one can reasonably find a more sinister connotation. Solicit can mean to “lead astray” or “lure on and esp. into evil.” (Emphasis added.) Webster’s Third New International Dictionary 2169 (1986). Applying this narrower construction, I cannot conclude that R.C. 2905.05(A) criminalizes a substantial amount of activity protected by the First Amendment.
Richard C. Pfeiffer Jr., Columbus City Attorney, Lara N. Baker-Moorish, City Prosecuting Attorney, and Melanie R. Tobias, Director of Criminal Appeals Unit, for appellant.
Riddell Law, L.L.C., Douglas E. Riddell Jr., and Bridget Purdue Riddell, for appellee.
Ron O’Brien, Franklin County Prosecuting Attorney, Steven L. Taylor, Chief Counsel, Appellate Division, and Laura R. Swisher, Assistant Prosecuting Attorney, urging reversal for amici curiae Ohio Prosecuting Attorneys Association and Franklin County Prosecuting Attorney Ron O’Brien.
Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant State Public Defender, urging affirmance for amicus curiae Office of the Ohio Public Defender.
{¶ 24} In conclusion, I would answer the certified-conflict question in the negative and reverse the judgment of the court of appeals. Because the majority has concluded otherwise, I dissent.
O’Connor, C.J., concurs in the foregoing opinion.